E-filing

1  JOHN L. BURRIS (State Bar No. 69888)
   ADANTÉ D. POINTER (State Bar No. 236229)
2  **LAW OFFICES OF JOHN BURRIS**
   Airport Corporate Center
3  7677 Oakport St., Suite 1120
   Oakland, California 94621
4  Telephone:   (510) 839-5200
5  Facsimile:   (510) 839-3882
   John.Burris@johnburrislaw.com
6  Adante.Pointer@johnburrislaw.com

7  Attorneys for Plaintiff
   **DANIEL ALVARENGA**
8

ORIGINAL FILED
MAY 1 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

| DANIEL ALVARENGA, | ) Case No.: C07-02526 MEJ |
|---|---|
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation;, MARK McKINNEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO & DOES 1-10, individually and in their official capacities. | ) (42 U.S.C §§ 1983; and pendant tort claims) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

//

# I. INTRODUCTION

1. This case arises out of the assault of an unarmed 28 year-old college student by San Francisco Police Officer Mark McKinney. On May 12, 2005, at approximately 1:20 a.m. Mr. Daniel Alvarenga was walking home to his apartment from his performance, playing guitar, at Radio Havana when he observed three police officers taking an unidentified spanish-speaking man into custody. The officers were having a difficult time communicating with the man as Mr. Alvarenga heard the officers yelling at the man in english, while the man repeatedly asked the officers "why he was being arrested" in spanish. Seeing the confusion, Mr. Alvarenga approached the officers and offered to translate. Officer McKinney, told him to leave or he too would be arrested. Mr. Alvarenga remarked that he did not think he could be arrested for merely trying to translate.

2. As he began to turn to walk away from the scene, Officer McKinney quickly rushed over to him grabbed his left wrist and forcefully placed it behind his back. Mr. Alvarenga relented to Officer McKinney's use of force and told the officer to "just arrest me." Nonetheless, Officer McKinney unnecessarily proceeded to push his wrist upward causing him to cry out in agony that Officer McKinney was going to break his arm. Inexplicably, Officer McKinney suddenly jerked the arm upward causing it to break. Mr. Alvarenga felt his bone snap and fell to the ground, withering in pain. Officer McKinney issued Mr. Alvarenga a citation for three misdemeanors including, but not limited to, battery on a police officer and resisting arrest. Tellingly, the San Francisco District Attorney's Office refused to press charges against Mr. Alvarenga. Nevertheless, Mr. Alvarenga sustained severe damages as a result of his injury including, but not limited to, having to forfeit his opportunity to attend the San Francisco Conservatory of Music and not being able to perform or promote his recently recorded album of musical work.

# II. JURISDICTION

3. This action alleges violations of the rights of Mr. Alvarenga. This action arises under 42 U.S.C §§ 1983, 1985, and 1986 and state law. Jurisdiction is conferred upon this court by 28 U.S.C §§ 1331 and 1343. The actions giving rise to the Defendants liability alleged in this

complaint occurred in the City and County of San Francisco which is within the Northern District of California. Venue is therefore proper in this District pursuant to Title 28, United States Code, § 1391(b). Plaintiff filed a claim with CCSF, in compliance with the California Government Tort Act, regarding the allegations contained in this complaint. CCSF rejected his claim.

### III. PARTIES

4. Plaintiff Daniel Alvarenga, is a competent adult and a resident of San Francisco, California.

5. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is and at all times herein mentioned a municipality duly organized and existing under the laws of the State of California. CCSF operates the SAN FRANCISCO POLICE DEPARTMENT (hereinafter "SFPD").

6. At all times mentioned herein, MARK McKINNEY (hereinafter "OFFICER McKINNEY"), was a POLICE OFFICER for the SAN FRANCISCO POLICE DEPARTMENT, and is sued individually and in his official capacity.

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, breach of duty, negligent supervision, management or control and, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the

course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## IV. FACTS

11. On or about May 12, 2005 San Francisco Police Officer McKinney severely injured Claimant, Mr. Daniel Alvarenga, without justification or cause. Mr. Alvarenga is a 28 year-old college student and professional musician.

12. The incident occurred on or about May 12, 2005 at approximately 1:20am, as Mr. Alvarenga was walking back home from his performance at Radio Havana, a coffeehouse located at 22nd and Valencia Streets. As Mr. Alvarenga neared the corner of 17th and Valencia, his attention was drawn to a loud Spanish speaking voice that appeared to be coming from the direction of two police patrol cars parked across the street.

13. As he approached the scene, he overheard a man's voice asking the officer's on the scene in Spanish "why are you arresting me, I did nothing wrong?" Mr. Alvarenga noticed that the Officers did not respond to the man's requests and as such had assumed the Officers did not speak understand what the man was saying. Mr. Alvarenga crossed the street and proceeded toward the Latino suspect and the three SFPD officers. Mr. Alvarenga stood back from the officers and asked the suspect in spanish if he knew why he was being arrested. The suspect told Mr. Alvarenga that he had not done anything wrong and did not understand why he was being taken away. Officer McKinney interrupted their conversation by remarking that the Officers had a translator who spoke perfect spanish and that Mr. Alvarenga had better leave or he was going to be arrested for interfering with a police investigation. Mr. Alvarenga responding by telling Officer McKinney that he did not think he could be arrested for merely trying to translate.

14. Just as Mr. Alvarenga began to turn away to leave the scene, Officer McKinney grabbed his wrist with so much force as to almost cause him to fall and drop the guitar he was carrying. Then Officer McKinney called two other officers over to assist him. As the other two officer were walking over, Mr. Alvarenga told Officer McKinney to "just arrest me" and laid his guitar down on the sidewalk. A second officer then grabbed Mr. Alvarenga's right wrist and continued to hold Mr. Alvarenga's right wrist without any additional twisting, turning or pushing.

15. Inexplicably, Officer McKinney, who was still holding Mr. Alvarenga's left wrist proceeded to push Mr. Alvarenga's wrist upward causing him to yell out in pain that Officer McKinney was going to break his arm. Nevertheless, Officer McKinney continued to exert force on the arm and suddenly jerked the arm upward. Mr. Alvarenga felt something crack in his upper arm area. The two officers then released their hold and Mr. Alvarenaga fell to the ground crying and withering in pain. As Mr. Alvarenga lay on the ground begging for help, Officer McKinney put him in handcuffs and placed his foot on Mr. Alvarenga's injured arm. Sometime thereafter, an ambulance arrived on the scene. The EMT that examined Mr. Alvarenga told him that his shoulder was in "bad condition" and that he would need to go to the hospital. Officer McKinney walked up to Mr. Alvarenga and issued him a citation for allegedly committing three misdemeanors. Mr. Alvarenga signed the citation under protest and was driven by ambulance to San Francisco General Hospital for further treatment.

16. As a result of this attack, Mr. Alvarenga sustained several injuries including a fractured humerus, pain, suffering and emotional distress. In addition, Mr. Alvarenga lost an opportunity to attend the prestigious San Francisco Conservatory of Music along with a considerable amount of income due to his inability to perform or promote his CD.

17. The above-described intentional conduct by defendants was a factual and proximate cause of plaintiff's damages.

## V. REQUISITES FOR RELIEF

18. As a direct and proximate result of the conduct of defendants described herein, the Plaintiff has been denied his constitutional, statutory and legal rights as stated below, and has suffered, continues to suffer and will in the future suffer general and special damages, including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, and anxiety, medical and related expenses in an amount according to proof.

19. Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard of and deliberate indifference to plaintiff's rights.

20. Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to Plaintiff, including but not limited to violating his constitutional and statutory rights. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein. Defendants' conduct described herein placed Plaintiff in fear, anxiety and uncertainty with respect to his exercise now and in the future of these constitutional rights, and with respect to his physical security and safety. Plaintiff therefore seeks injunctive relief from this court, to ensure that Plaintiff and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

21. An actual controversy exists between the Plaintiff and Defendants in that the Plaintiff contends the policies, practices and conduct of Defendants alleged herein are unlawful and unconstitutional, whereas plaintiff is informed and believes that Defendants contend said policies, practices and conduct are lawful and constitutional. Plaintiff is seeking a declaration of rights with respect to this controversy.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 10)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21.

23. Defendants' above-described conduct violated Plaintiff's right to be free from unreasonable seizures without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES through 10)

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23.

25. Defendants' above-described conduct violated Plaintiff's right to be free from unreasonable seizures, harassment, and excessive and/or arbitrary force without reasonable or probable cause under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 10)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25.

27. Officer McKINNEY and DOES 1-10, inclusive, acted under color of law in subjecting Plaintiff to an unreasonable seizure, thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to:

  a. The right not to be deprived of life or liberty without due process of law,

as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

  b.  The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and,

  c.  The right to be free from pre-conviction punishment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution.

  d.  The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitutions

28. As a proximate result of the foregoing wrongful acts of Defendants, Plaintiff has sustained pecuniary loss and other compensable injuries.

29. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

30. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHTS TO BE FREE FROM HARASSMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 10)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30.

32. Defendants, acting under color of state law, deprived Plaintiff of his right to be free from punishment, seizure and force without due process of law. Defendants' actions caused injuries resulting in pain, suffering and emotional distress. Defendants violated Plaintiff's rights, privileges, and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution.

33. In doing the foregoing wrongful acts, Defendants, and each of them, acted in

reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $300,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief;
5. For reasonable attorney's fees;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated this 11th day of May, 2007

LAW OFFICES OF JOHN L. BURRIS

*/s/ John L. Burris*

JOHN L. BURRIS
Attorneys for Plaintiff
DANIEL ALVARENGA

ALVARENGA vs. CCSF                                                 COMPLAINT FOR DAMAGES
- 9 -