DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
KIMBERLY A. BLISS, State Bar #207857
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3861
Facsimile:    (415) 554-3837
E-Mail:        kimberly.bliss@sfgov.org

Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO AND MARK MCKINNEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALVARENGA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, MARK McKINNEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO & DOES 1-10, individually and in their official capacities,<br><br>　　　　　Defendants. | Case No. C07-02526 MEJ<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Filed:　　　　May 11, 2007<br>Trial Date:　　Not Set |

　　　　Defendants City and County of San Francisco and Mark McKinney respond to Plaintiff's unverified complaint as follows:

**INTRODUCTION**

　　　　1.　　With respect to the allegations contained in this paragraphs, Defendants admit that Officer Mark McKinney was one of several officers investigating a reported crime by interviewing a suspect at approximately 1:10-1:15 a.m. on May 12, 2005, and that at such time, Plaintiff

1

approached and engaged the suspect and Officers.  As to the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

2. With respect to the allegations of this paragraph, Defendants admit that Plaintiff was issued a citation for multiple misdemeanors.  As to the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

## JURISDICTION

3. With respect to the allegations contained in this paragraph, Defendants admit that the action arises under Title 42 of the United States Code, section 1983 and that the Court has jurisdiction under section 1331 and 1343 for the 1983 claims, and the acts underlying the complaint are alleged to have occurred in this judicial district.  Defendants also admit that Plaintiff filed a claim with CCSF and that CCSF denied the claim.  Defendants otherwise deny the allegations of this paragraph.

## PARTIES

4. Defendants lack personal knowledge on which to admit or deny the allegations of this paragraph, and on that basis they are denied.

5. Defendants admit the allegations of this paragraph.

6. With respect to the allegations contained in this paragraph, Defendants admit that Officer Mark McKinney is an SFPD employee, and was an SFPD employee at the time of the alleged incident.  Defendants admit that Plaintiff alleges that Defendant McKinney is being sued in both his individual and official capacities.

7. With respect to the allegations contained in this paragraph, Defendants lack sufficient information to either affirm or deny these allegations and, on that basis, they are denied.

8. Defendants admit that Officer Mark McKinney was acting in the course and scope of his employment for CCSF during the alleged incident.  As to the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

9. With respect to the allegations contained in this paragraph, Defendants admit that Officer McKinney's actions during the alleged incident were "under color of law."  As to the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

10. With respect to the allegations contained in this paragraph, Defendants admit that Officer McKinney was an employee of Defendant CCSF during at the time of the alleged incident.  As to the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

**FACTS**

11. With respect to the allegations contained in this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

12. With respect to the allegations contained in this paragraph, Defendants admit that the incident occurred on May 12, 2005, at approximately 1:10-1:15 a.m.  As respects the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

13. With respect to the allegations contained in this paragraph, Defendants admit Officer McKinney told Plaintiff that an Officer at the scene spoke Spanish.  Defendants also admit that Officer McKinney told Plaintiff (multiple times) to step away from the Officers and the suspect, and that he was under arrest for interfering with a police investigation.  As respects the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

14. Defendants deny the allegations of this paragraph.

15. With respect to the allegations of this paragraph, Defendants admit that Plaintiff was examined at the scene by an EMT and the EMT advised that Plaintiff needed to be transported to the hospital.  Defendants also admit that Officer McKinney issued Plaintiff a citation and that Plaintiff signed the citation.  As respects the remaining allegations of this paragraph, Defendants

either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

16. With respect to the allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

17. Defendants deny the allegations of this paragraph.

## REQUISITES FOR RELIEF

18. With respect to the allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

19. Defendants deny the allegations of this paragraph.

20. Defendants admit that Plaintiff seeks injunctive relief from this Court. As respects the remaining allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

21. Defendants contend that the allegations of this paragraph are vague and consist of legal conclusions. Accordingly, and because Defendants lack personal knowledge on which to admit or deny such allegations, such allegations are denied.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

22. Defendants incorporate by reference their responses to paragraphs 1 through 21 of the Complaint.

23. Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION

24. Defendants incorporate by reference their responses to paragraphs 1 through 23 of the Complaint.

25. Defendants deny the allegations of this paragraph.

## THIRD CAUSE OF ACTION

26. Defendants incorporate by reference their responses to paragraphs 1 through 25 of the Complaint.

27.   Defendants admit that Officer McKinney was acting under color of law during the alleged incident, but otherwise deny the allegations of this paragraph.

28.   With respect to the allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

29.   With respect to the allegations of this paragraph, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

30.   Defendants deny the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

31.   Defendants incorporate by reference their responses to paragraphs 1 through 30 of the Complaint.

32.   Defendants deny the allegations of this paragraph.

33.   Defendants deny the allegations of this paragraph.

## [PLAINTIFF'S] JURY DEMAND

Defendants admit that Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Responding to the prayer for relief set forth at page 9:9-16, Defendants deny that Plaintiff has been damaged in any sum or at all as consequence of any action by defendants, or the agents or employees of defendants, deny that Plaintiff is entitled to any relief at all and deny any wrongdoing.

## SEPARATE AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against these Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the complaint; that said negligence contributed to and

1  was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause
2  thereof; and that if Plaintiff is entitled to recover damages against these Defendants, then
3  Defendants pray that the recovery be diminished or extinguished by reason of the negligence of
4  Plaintiff in proportion to the degree of fault attributable to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

(Contribution)

Defendants allege that the fault of persons other than these Defendants contributed to and proximately caused the occurrence; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, this Defendants prays that the percentage of such contribution be established by special verdict or other procedure, and that these Defendants' ultimate liability be reduced to the extent of such contribution.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendants allege that the complaint and each and every cause of action therein is barred by the statutes of limitations, including without limitation, Government Code section 945.6 and California Code of Civil Procedure 335 *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate his alleged damages, and said failure bars or reduces the recovery, if any, from Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

Defendants state that Plaintiff's injuries were caused by the negligence or other act or omission of third parties, and Defendants are entitled to equitable and statutory indemnity from such third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

(Immunity - Barred by Tort Claims Act and Penal Code)

Plaintiff's state law claims are barred by the provisions and immunities of the California Tort Claims Act, without limitation: Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8; and California Penal Code Sections 148, 409, 834a, 834, 835, 835a, 836, and 849. Under California law, these Defendants are liable only pursuant to statute.

**EIGHTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the equitable doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive relief from Defendants by reason of the allegations set forth in Plaintiff's Complaint.

**NINTH AFFIRMATIVE DEFENSE**

(No Malice or Bad Faith)

Defendants did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did they intend to harm or deprive Plaintiff or any rights.

**TENTH AFFIRMATIVE DEFENSE**

(Careless, Reckless, Wanton and Negligent Acts)

At all times mentioned in the complaint, the Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

(Violation of Penal Code)

Defendants allege that Plaintiff violated certain provisions of the California Penal Code, and that Plaintiff voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating the California Penal Code.

### TWELFTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants allege that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S.Ct. 3034 (1984), and related cases.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Self-Defense and Defense of Others)

Defendants alleges that if in fact any force was used against Plaintiff, such force was the lawful exercise of the right of self-defense and defense of the public, and any recovery pursuant to said use of force is barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Privileged Use of Force)

Defendants allege that if in fact any force was used to control Plaintiff, such force was authorized and privileged pursuant to sections 835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Probable Cause)

Defendants had reasonable and/or probable cause to detain, restrain and/or arrest Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Violation of Penal Code §834a)

Defendants allege that Plaintiff was under a duty pursuant to §834(a) of the California Penal Code to refrain from using force to resist his detention and/or arrest; that Plaintiff breached this duty even though he knew or by the exercise of reasonable care should have known that he was being

detained and/or arrested by a police officer; that as a direct and proximate result of the Plaintiff's breach of this duty, Plaintiff is barred from recovering any loss or damage he may have incurred.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure To State A Claim Under *Monell*)

Defendants allege that the Complaint fails to state a federal civil rights claim against Defendants under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants;
2. That the complaint be dismissed with prejudice;
3. That Defendants recover costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Dated: June 27, 2007

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Attorney
    KIMBERLY A. BLISS
    Deputy City Attorney


    By:_____/s/_____
    KIMBERLY A. BLISS

    Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO AND MARK MCKINNEY

**JURY TRIAL DEMAND**

Defendants demand a trial by jury on all causes of action and all defenses.

Dated:  June 27, 2007

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Attorney
                    KIMBERLY A. BLISS
                    Deputy City Attorney


By: _____/s/_____
      KIMBERLY A. BLISS

      Attorneys for Defendants CITY AND COUNTY OF
      SAN FRANCISCO AND MARK MCKINNEY