1  JOHN L. BURRIS, Esq. SBN 69888
   ADANTÉ D. POINTER, Esq. SBN 236229
2  LAW OFFICES OF JOHN L. BURRIS
   Airport Corporate Centre
3  7677 Oakport Street Suite 1120
   Oakland, CA 94621
4  Telephone: (510) 839-5200
   Facsimile:  (510) 839-3882
5  John.Burris@johnburrislaw.com
   Adante.Pointer@johnburrislaw.com
6
   Attorneys for Plaintiff
7  DANIEL ALVARENGA

8
   DENNIS J. HERRERA, State Bar #139669
9  City Attorney
   JOANNE HOEPER, State Bar #114961
10 Chief Trial Deputy
   SEAN F. CONNOLLY, State Bar #152235
11 KIMBERLY A. BLISS, State Bar #207857
   Deputy City Attorneys
12 Fox Plaza
   1390 Market Street, Sixth Floor
13 San Francisco, California 94102-5408
   Telephone: (415) 554-3861
14 Facsimile:  (415) 554-3837
   E-Mail:     kimberly.bliss@sfgov.org
15
   Attorneys for Defendants CITY AND COUNTY OF
16 SAN FRANCISCO AND MARK MCKINNEY

17
                    UNITED STATES DISTRICT COURT
18
                   NORTHERN DISTRICT OF CALIFORNIA
19
                         SAN FRANCISCO DIVISION
20
   DANIEL ALVARENGA              | Case No.  C07-02526 MEJ
21                                |
           Plaintiff,              | JOINT CASE MANAGEMENT
22      vs.                        | CONFERENCE STATEMENT AND
                                   | [Proposed] CASE MANAGEMENT
23 CITY AND COUNTY OF SAN          | ORDER; RULE 26(f) REPORT
   FRANCISCO, a municipal corporation;,|
24 MARK McKINNEY, individually and in his | Date: August 16, 2007
25 official capacity as a police officer for the | Time: 1:30 p.m.
   CITY AND COUNTY OF SAN          | Ctrm: B, 15TH Floor
26

JOINT CMC STATEMENT                                    CASE NO.: C07-02526 MEJ

FRANCISCO & DOES 1-10, individually and in their official capacities.

Defendants.

Hon. MARIA-ELENA JAMES

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order, and request the Court to adopt it as its Case Management Order in this case.

### 1. Jurisdiction and Service

This action has been brought under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1331and §1343. The court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. All named parties have been served with the summons and complaint.

### 2. Facts

#### A. Plaintiff's Version

This case arises out of the assault of an unarmed 28 year - old college student by a City of San Francisco Police Officer. On May 12, 2005, at approximately 1:20 a.m. Mr. Daniel Alvarenga was walking home to his apartment from his performance, playing guitar, at Radio Havana when he observed three police officers taking an unidentified Spanish-speaking man into custody. The officers were having a difficult time communicating with the man as Mr. Alvarenga heard the officers yelling at the man in English, while the man repeatedly asked the officers "why he was being arrested" in

Spanish. Seeing the confusion, Mr. Alvarenga approached the officers and offered to translate. One of the Officers told him to leave or he too would be arrested. Mr. Alvarenga remarked that he did not think he could be arrested for merely offering to translate.

As he began to turn to walk away from the scene, the same Officer quickly rushed over to him grabbed his left wrist and forcefully placed it behind his back. Mr. Alvarenga relented to the Officer's use of force and told the officer to "just arrest me." Nonetheless, the Officer unnecessarily proceeded to push his wrist upward causing him to cry out in agony that the Officer was going to break his arm. Inexplicably, the Officer suddenly jerked the arm upward causing it to break. Mr. Alvarenga felt his bone snap and fell to the ground, withering in pain. Mr. Alvarenga was issued a citation for three misdemeanors including, but not limited to, battery on a police officer and resisting arrest. Tellingly, the San Francisco District Attorney's Office refused to press charges against Mr. Alvarenga. Nevertheless, Mr. Alvarenga sustained severe damages as a result of his injury including, but not limited to, having to forfeit his opportunity to attend the San Francisco Conservatory of Music and not being able to perform or promote his recently recorded album of musical work.

**B. Defendants' Version**

On May 12, 2005 at approximately 1:10 a.m., SFPD Officers Mark McKinney and Marco Garcia responded to a call for assistance regarding a suspected shoplifting. As the Officers approached Valencia and 19th Streets, the shopkeeper flagged them down and identified the suspect, who was in the middle of the street. As they were talking to the

suspect, Plaintiff Daniel Alvarenga approached the Officers from behind. Officer Garcia ordered Plaintiff to step away from the Officers and back up onto the sidewalk. Plaintiff stated that the suspect did not speak English and that Plaintiff would translate. Officer Garcia told Alvarenga that he spoke Spanish and that the Officers did not need assistance. Plaintiff was ordered a second time to step back onto the sidewalk. Plaintiff refused to comply with the Officers' orders, and then resisted and struggled with the Officers when they attempted to detain him. The Officers used a reasonable degree of force to overcome Plaintiff's resistance.

   3. The principal <u>legal</u> issues that the parties' <u>dispute</u> are:

   a. Whether the actions of defendant officers constituted a violation of plaintiff's constitutional rights pursuant to 42 U.S.C. §1983;

   b. Whether the defense of qualified immunity applies;

   c. Whether the Officer(s) are liable for punitive damages;

   d. Whether Plaintiff can establish a *Monell* claim, including:

      i. whether the City's use of force policy was unconstitutional;

      ii. whether the City's training, supervision and discipline of officers was constitutionally deficient.

4. Motions

   There are no currently pending motions.

   Defendants anticipate bringing dispositive motions for all causes of action. Defendants contend that there was probable cause for Plaintiff's arrest and detention, and

that in any case, the Officers are entitled to qualified immunity. Defendants further believe that no there is no factual or legal basis for Plaintiff's *Monell* claims, and that *Monell* discovery should be bifurcated.

5. **Amendment of Pleadings**

Plaintiff may need to amend the Complaint to include the names of specific San Francisco Police officers depending on the contents of Defendants' initial disclosures.

Defendants ask that the Court establish a deadline for amendments to the Complaint.

6. **Evidence Preservation**

Counsel for the parties have advised their clients to retain all relevant evidence until the conclusion of this litigation and to ensure that any evidence, including emails, voicemails and other electronically-recorded evidence are not destroyed or lost pending the final resolution of this litigation.

7. **Disclosures**

The parties will prepare and exchange their initial disclosure statements pursuant to the Federal Rules of Civil Procedure.

8. **Discovery**

The City has served several third-party subpoenas for records from the SFFD and SFGH regarding Plaintiff's treatment on the morning of the incident. The parties anticipate propounding written discovery after reviewing the other parties' initial disclosures. The parties will also certainly take depositions. The parties agree that the discovery limitations

in the Federal Rules of Civil Procedure will apply absent a stipulation or order to the contrary.

**9.  Class Action**

N/A

**10.  Related Cases**

N/A

**11.  Relief**

Plaintiff seeks $300,000 in general damages, and special damages in a sum according to proof.  Plaintiff also alleges a claim for punitive damages against the individual defendants.

Defendants intend to dispute any and all claims for damages.

**12. Settlement and ADR**

The parties have agreed to engage in mediation once written discovery and the depositions of the plaintiff and named defendants have been taken.

**13. Consent to Magistrate Judge For All Purposes**

The parties consent to assignment of this case to United States District Magistrate Judge Maria Elena James.

**14.  Other References**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Counsel for the parties will continue to assess whether any issues can be narrowed by stipulation or whether the presentation of evidence at trial can be expedited. However, the parties are not presently in a position to enter into a specific stipulation at this time.

**16. Expedited Schedule:**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

The parties propose:
A. Disclosure of Expert Witnesses (210 days before trial): May 12, 2008
B. Rebuttal Expert Disclosure (200 days before trial): May 22, 2008
C. Close of Discovery (185 days before trial): Friday, June 6, 2008
D. Filing of Dispositive Motions (155 days prior to trial): Thursday, July 10, 2008
E. Dispositive Motions Hearing Date (120 days prior to trial): Thursday, August 14, 2008 at 10:00 a.m.
F. Trial Date: December 8, 2008 (5-7 day jury trial)

**18) Trial:**

The case will be tried to a jury. The parties estimate 5-7 court days for a trial at this time.

**19) Disclosure of Non-Party Interested Entities or Persons**

As per Civil Local Rule 3-16, the undersigned parties both certify that as of this date, other than the named parties, there are no persons, firms, partnerships, corporations or other entities which has either (i) a financial interest in the subject matter in controversy or in a part to the proceeding; opr (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## RULE 26(F) REPORT

1. The parties agree that no changes need to be made to the timing, form or requirement of their initial disclosure requirements under Rule 26(a)(1). The parties have agreed to exchange their initial disclosures by mail on Thursday, August 09, 2007, as required by Rule 26.

2. Discovery will be needed regarding the incident itself, Plaintiff's medical treatment and alleged damages. Plaintiff also intends to take *Monell* discovery. The Defendants believe *Monell* discovery should be bifurcated.

3. The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information.

4. The parties do not anticipate any issues regarding claims of privilege or protection except as pertains to police personnel information. The parties anticipate entering into a Protective Order with respect to such material, which will be submitted to the Court for its approval.

5. The parties do not believe that any changes need to be made to the limitations on discovery provided for by the federal rules.

6. There does not appear to be any need for other orders that could be entered by the Court under Rule26(c) or under Rule16(b) and (c).

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and

1  private entities and has considered whether their case might benefit from any of the
2  available dispute resolution options.
3  Respectfully submitted,
4
5  Dated: August 9, 2007                    /s/
6                                           Adanté D. Pointer
                                            Law Offices of John L. Burris
7                                           Attorneys for Plaintiff
8
9  Dated: August 9, 2007
10                                          DENNIS J. HERRERA
                                            City Attorney
11                                          JOANNE HOEPER
                                            Chief Trial Attorney
12                                          SEAN F. CONNOLLY
                                            KIMBERLY A. BLISS
13                                          Deputy City Attorney
14
                                            By:       /s/
15                                          KIMBERLY A. BLISS
16                                          Attorneys for Defendants CITY AND COUNTY
                                            OF SAN FRANCISCO AND MARK MCKINNEY
17
18                          **CASE MANAGEMENT ORDER**
19       The Case Management Statement and Proposed Order is hereby adopted
20  by the Court as the Case Management Order for the case and the parties are ordered to
21  comply with this Order. In addition, the Court orders:
22
23
24     Dated:_____
25                                          _____
                                            MARIA-ELENA JAMES
26                                          UNITED STATES MAGISTRATE JUDGE

JOINT CASE MANAGEMENT CONFERENCE STATEMENT              C07-02526 MEJ