DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
KIMBERLY A. BLISS, State Bar #207857
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3861
Facsimile:     (415) 554-3837
E-Mail:        kimberly.bliss@sfgov.org

Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO AND MARK MCKINNEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALVARENGA,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, MARK McKINNEY, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO & DOES 1-10, individually and in their official capacities,<br><br>            Defendant. | Case No. C07-02526 MEJ<br><br>**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1.     CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information

and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, *etc.*, related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

5. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

   a. Plaintiff's Counsel;

   b. Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall file and serve that document upon its execution; however, Plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that

Expert Disclosures are required to be made.  Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

6. Counsel for Plaintiff may <u>not</u> provide originals or copies of the CONFIDENTIAL INFORMATION to plaintiff absent the written agreement of counsel for the City or a court order. For purposes of evaluating the settlement value or potential jury verdict, counsel for Plaintiff may discuss the general nature of the CONFIDENTIAL INFORMATION with plaintiff without disclosing any identifying details about a specific incident or any documents.  Plaintiff's counsel may also review with plaintiff any statement or interview given by plaintiff.

7. Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).  The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

8. In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

9. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

10. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, *etc*.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation. On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

11. Should plaintiff fail to comply with this PROTECTIVE ORDER, plaintiff and plaintiff's counsel shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney's fees in amounts to be determined by the Court. Plaintiff and plaintiff's counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

IT IS SO STIPULATED.

Dated: January 8, 2008                           DENNIS J. HERRERA
                                                 City Attorney
                                                 JOANNE HOEPER
                                                 Chief Trial Attorney


                                            By: /s/ Kimberly A. Bliss
                                                 Kimberly A. Bliss, Esq.
                                                 Attorneys for Defendants


Dated: December 7, 2007                          LAW OFFICES OF JOHN BURRIS


                                            By: /s/ Adanté Pointer
                                                 Adanté Pointer
                                                 Attorneys for Plaintiff

\* Pursuant to General Order 45, the electronic signatory of this document attests that this individual concurs in his electronic signature of this document.

**ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED.

Dated: _____

THE HONORABLE MARIA-ELENA JAMES

# EXHIBIT A

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____       _____
DATE                              SIGNATURE

                                  _____
                                  PRINT NAME